**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49205**

| | |
|---|---|
| In the Interest of: John Doe I and John Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) |
| JANE DOE (2021-42), | ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: February 16, 2022

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

---

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Order terminating parental rights, <u>affirmed</u>.

Anthony R. Geddes, Ada County Public Defender; Joshua Wickard, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Teri Whilden, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Jane Doe (Mother) appeals from the magistrate court's judgment terminating her parental rights to her two minor children. Mother argues the court erred by concluding she neglected the children. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In January 2020, Mother gave birth to twin sons. At the time, Mother was on probation for a 2019 conviction for felony possession of a controlled substance (2019 case). In October 2020, law enforcement declared the children in imminent danger after Mother left them without

1

a legal caregiver and Mother's whereabouts were unknown. The children were placed in foster care, and the Department of Health and Welfare filed a petition seeking legal custody of the children, which the magistrate court granted after Mother failed to appear at the adjudicatory hearing.

In November 2020, the children tested positive for multiple illicit drugs. As a result, the State charged Mother with two counts of felony injury to children and alleged Mother had abandoned the children and exposed them to drugs (2020 case). Based on these charges, the district court entered a no-contact order (NCO) prohibiting Mother from having any contact with the children. The court also revoked Mother's probation in the 2019 case.

In December 2020, the magistrate court approved a case plan for Mother to perform in this case upon her release from incarceration. This plan required Mother to complete a comprehensive diagnostic assessment upon her release and to follow all recommendations; to obtain and maintain a stable home environment upon her release; to participate in family preservation services upon her release; and to demonstrate consistent contact with the children through regularly scheduled visits upon her release and after modification of the NCO.

In February 2021, Mother pled guilty to one count of felony injury to child in the 2020 case, and the district court suspended Mother's sentence, placed her on probation, and referred her to the Ada County Drug Court. The district court also modified the NCO to allow contact with the children as facilitated by the Department and the drug court.

On March 1, 2021, Mother was accepted into the drug court and released from incarceration. Soon thereafter, however, Mother failed to comply with the drug court's rules and to meet its expectations. On April 30, the district court issued a warrant for Mother's arrest for her failure to comply with various drug court requirements, including missing urinalyses. Then, on June 28, Mother was arrested for possession of drug paraphernalia. Although Mother was released from this incarceration on August 30, she was arrested again a few days later on September 2. In October, the district court entered an order discharging Mother from the drug court program for failing to adhere to the drug court's rules and expectations. Further, the district court revoked Mother's probation and executed a sentence of seven years with three years fixed in the 2020 case to run concurrently with a sentence in the 2019 case of five years with one year fixed. The court, however, retained jurisdiction and placed Mother on a rider.

2

Meanwhile, in August 2021, the Department petitioned the magistrate court for termination of Mother's parental rights to the children. In support, the Department alleged three counts. Count I alleged Mother neglected the children who "lack[ed] proper support or parental care necessary for their health, morals, and well-being." Count II alleged Mother neglected the children who "are without proper parental care and control, or subsistence, education, medical or other care and control necessary for their well-being." Count III alleged Mother "is unable to discharge her parental responsibilities and such inability will continue for a prolonged indeterminate period" due to her incarceration. Although the Department did not cite legal authority in its petition in support of these counts, the allegations align with the definition of neglect under Idaho Code § 16-1602(31)(a) and (b) and with I.C. § 16-2005(1)(d), which establishes a condition for termination based on "a prolonged indeterminate period" of incarceration.

After the district court had revoked probation and executed the sentences in Mother's 2019 and 2020 cases, the magistrate court held a termination hearing in this case in October 2021. At the hearing, the Department caseworker, the guardian ad litem, and Mother testified. After the hearing, the court entered written findings of fact and conclusions of law terminating Mother's parental rights. In its decision, the court took judicial notice of the district court records in the 2019 and 2020 cases. The magistrate court concluded the State had "proven portions or all of Count[s] I, II, and III by clear and convincing evidence." The court also concluded the termination of Mother's parental rights is in the children's best interests.

Mother timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a

3

parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); see also I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id*. The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

### III.

### ANALYSIS

On appeal, Mother argues the magistrate court "erred in finding neglect without substantial [and] competent evidence [because] the State failed to present sufficient evidence in its case in chief to meet the standard of clear and convincing." Idaho Code Section 16-2005(1) permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

4

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

In this case, Mother challenges the sufficiency of evidence to support the magistrate court's conclusion that she neglected the children. The State responds that Mother failed to challenge the court's alternative statutory ground for terminating her parental rights and that, regardless, substantial and competent evidence supports the court's conclusion Mother neglected the children. We agree with the State.

The magistrate court concluded the State had met its burden of clear and convincing evidence on all counts. This decision indicates that the court concluded that Mother neglected the children under I.C. § 16-2005(1)(b), as neglect is defined by I.C. § 16-1602(31)(a) and (b), and, alternatively, that Mother is unable to discharge her parental responsibilities for a prolonged indeterminate period due to her likely continued incarceration under I.C. § 16-2005(1)(d). These alternative rulings are independent bases for terminating Mother's parental rights. *See Idaho Dep't of Health & Welfare v. Doe* (2012-06), 154 Idaho 175, 181-82, 296 P.3d 381, 387-88 (2013).

Mother fails to address the magistrate court's conclusion that she will be unable to discharge her parental responsibilities for a prolonged indeterminate period due to her likely continued incarceration. In support of this conclusion, the court's analysis included that: Mother could "potentially be incarcerated for the next seven (7) years." "[G]iven her historic inability to comply with probationary requirements or the expectation of the [drug court,] it is highly likely [Mother] will serve a sentence greater than [a rider]." Regardless, "based on [Mother's] poor performance over the past twelve (12) months[,] she will be unable to provide a suitable home for her children in the future."

Mother does not challenge any of these factual findings. If the court grants a judgment on more than one independent basis and the appellant does not challenge each basis for termination, then we must affirm the judgment. *Idaho Dep't of Health & Welfare v. Doe* (2016-09), 163 Idaho 707, 711, 418 P.3d 1216, 1220 (2016) ("When a judgment is granted on alternative grounds and one of them is not addressed on appeal, we just affirm the judgment."). Accordingly, Mother's failure to challenge the magistrate court's conclusion that she is unable to discharge her parental responsibilities for a prolonged, indeterminate period of incarceration requires affirmance of the court's decision terminating Mother's parental rights.

Moreover, substantial and competent evidence supports the magistrate court's conclusion that Mother neglected the children. Challenging this conclusion, Mother asserts the Department caseworker "had no knowledge of [Mother's] compliance with the [drug court] program or drug testing" and "had not requested a release of information from the Drug Court." To the extent Mother's assertions suggest she complied with the drug court's rules and expectations, substantial and competent evidence belies that suggestion. Most notably, the district court records in Mother's 2020 case show that, very soon after being accepted into the drug court, the district court issued a warrant for Mother's arrest for her failure to comply with the drug court's rules and expectations and that she was discharged from drug court for this failure after being re-incarcerated.

Mother also asserts the guardian ad litem obtained "information" about Mother's "progress" from the Department caseworker "who was not able to testify as to [Mother's] progress on her case plan." The magistrate court, however, did not rely on Mother's failure to perform her case plan in concluding she neglected the children. Rather, the magistrate court relied on, among other things, that Mother "failed to ensure a safe and/or appropriate living environment for the children" and that she is unable to provide parental care for the children because of her "substance abuse issues" and "criminal thinking and actions," which resulted in her "repeated and on-going incarceration." Substantial and competent evidence supports these findings. Further, Mother's assertion that the guardian ad litem "had not seen [Mother] interact with her children" ignores that she did not interact with her children during this case's pendency, other than a single visit in November 2020, which occurred before the guardian ad litem's appointment.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's conclusion that Mother neglected the children. Mother failed to challenge the magistrate court's alternative ruling that she is unable to discharge her parental responsibilities for a prolonged, indeterminate period due to her likely continued incarceration. Accordingly, we affirm the magistrate court's judgment terminating Mother's parental rights.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.